

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

STEVE PODKULSKI,                    )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )    No. 04-CV-3259
                                    )
DIRECTOR CALLIE BAIRD,              )    Judge Charles R. Norgle
SUPERINTENDENT M. HOLMES, Div.      )
11,and OFFICER SALAS #4096,         )    Magistrate Judge Martin C. Ashman
                                    )
        Defendants.

**FILED**

### NOTICE OF FILING

MAR 0 1 2005

TO:     Daniel J. Fahlgren
        State's Attorney of Cook County          **MICHAEL W. DOBBINS**
        500 Richard J. Daley Center          **CLERK, U.S. DISTRICT COURT**
        Chicago, Illinois 60602

        PLEASE BE ADVISED that on March 1, 2005, we filed with the United States District
Court, Northern District of Illinois, Eastern Division, **First Amended Complaint,** a copy of
which is attached hereto.

                                        LORD, BISSELL & BROOK

                                        By: _____
                                            J. Scott Humphrey

J. Scott Humphrey
LORD, BISSELL & BROOK
115 S. LaSalle Street
Chicago, IL 60603
Phone: 312-443-0700
Fax: 312-443-0336
Firm I.D. 6239169

## PROOF OF SERVICE

I, Minerva Medina, a non-attorney, on oath state that I served this Notice of Filing by mailing a true and correct copy thereof in a properly addressed and sealed envelope, first class postage prepaid, and by depositing same in the U.S. mail chute located at 115 South LaSalle Street, Chicago, Illinois 60603, before 5:00 p.m. on this 1st day of March, 2005.

*Minerva Medina*

SUBSCRIBED AND SWORN to
before me this 1st day of March, 2005.

*Sandra M. Byrne*
NOTARY PUBLIC

```
"OFFICIAL SEAL"
SANDRA M. BYRNE
Notary ..., State of Illinois
My Commission Expires 1/23/06
```

CHI1 1003113v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE PODKULSKI, | ) | **FILED** |
| | ) | |
| Plaintiff, | ) | MAR 0 1 2005 |
| | ) | |
| vs. | ) | No. 04-CV-3259   **MICHAEL W. DOBBINS** |
| | ) | **CLERK, U.S. DISTRICT COURT** |
| DIRECTOR CALLIE BAIRD, | ) | Judge Charles R. Norgle |
| SUPERINTENDENT M. HOLMES, Div. 11, | ) | |
| and OFFICER SALAS #4096, | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, STEVE PODKULSKI, by and through his attorneys, J. Scott Humphrey and LORD, BISSELL & BROOK LLP, and, for his First Amended Complaint against the defendants, DIRECTOR CALLIE BAIRD, SUPERINTENDENT MICHAEL HOLMES, and OFFICER ROY SALAS, states as follows:

### THE PARTIES

1.      Plaintiff is currently incarcerated by the Illinois Department of Corrections. However, the events described in this Complaint took place during the time the plaintiff was incarcerated at the Cook County Department of Corrections in Chicago, Illinois ("Cook County Jail") in October of 2003.

2.      At all relevant times, defendant Callie Baird ("Baird") was employed by Cook County as the Director of the Cook County Jail and was assigned to the Cook County Jail.

3.      At all relevant times, defendant Michael Holmes ("Holmes") was employed by Cook County as a Superintendent of the Cook County Jail and was assigned to the Cook County Jail.

4.     At all relevant times, defendant Roy Salas ("Salas") was employed as an officer at the Cook County Jail and was assigned to the Cook County Jail.

## JURISDICTION

5.     Jurisdiction is conferred on this Court by the existence of questions of fact arising under particular statutes, to wit, the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

## FACTS COMMON TO ALL COUNTS

6.     On or about September 3, 2003, the plaintiff was incarcerated in the Cook County Jail.

7.     On or about September 3, 2003, the plaintiff was placed in protective custody in the Cook County Jail because of certain tattoos and skin markings.

8.     At all times pertinent to the plaintiff's Complaint, Baird, Holmes and Salas (collectively "the defendants") were aware of the fact that the plaintiff had been placed in protective custody in the Cook County Jail since on or about September 3, 2003.

9.     On or about October 7, 2003, the plaintiff was involved in an altercation involving several inmates in the Cook County Jail gym area.

10.     On or about October 7, 2003, the plaintiff was attacked in the Cook County Jail gym area by several inmates because of the tattoos and skin markings found on the plaintiff's body.

11.     After October 7, 2003, the defendants were once again placed on notice of the plaintiff's need to be placed in protective custody and to be kept away from the general population of the Cook County Jail.

12.     On October 11, 2003, the plaintiff was located in his cell with his cellmate.

2

13.     On October 11, 2003, the defendants knew that the plaintiff was not to be allowed out of his cell when other inmates located in the plaintiff's cell block were out of their cells.

14.     On October 11, 2003, the defendants knew that the plaintiff was in protective custody and, as such, was not to be exposed to inmates on his cell block other than his cell mate.

15.     On October 11, 2003, Salas was on duty in the Cook County Jail and was supervising the plaintiff's cell block.

16.     On October 11, 2003, Salas knew the plaintiff was not to be exposed to other inmates located in the plaintiff's cell block area.

17.     On October 11, 2003, Officer Salas, despite knowing that the plaintiff was not to be exposed to inmates other than his cell mate, opened the plaintiff's cell and exposed the plaintiff to other inmates located in the plaintiff's cell block area.

18.     After opening the plaintiff's cell, Salas left the cell block area.

19.     No officer was supervising the plaintiff's cell block immediately after Salas left the cell block area.

20.     While the cell block was unattended and without officer supervision, several inmates entered the plaintiff's cell.

21.     While the cell block was unattended and without officer supervision, several inmates attacked the plaintiff.

22.     The plaintiff suffered numerous physical and emotional injuries and damages, including, but not limited to, being stabbed in his face, as a result of being attacked in his cell.

23.     After the attack on October 11, 2003, the plaintiff filed an inmate grievance which was directed towards Holmes and Baird.

24.     Neither defendant Holmes, nor defendant Baird, acted on the plaintiff's grievance.

25.     Salas was the subordinate of Holmes and Baird.

3

26.     As such, Holmes and Baird are responsible for seeing that Salas act in accordance with the laws of the United States, including 14 U.S.C. §1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

27.     The defendants' deliberate indifference towards the protection of the plaintiff has placed the plaintiff in danger and has caused him severe emotional and physical injuries as well as contributed to his deteriorated health.

## COUNT I

### Willful and Wanton Conduct
### (Defendant Salas)

28.     Plaintiff re-alleges paragraphs 1 through 27 above, as and for paragraph 28, as though fully set forth herein.

29.     At all relevant times, Salas knew that the plaintiff had been placed in protective custody and that he was susceptible to being assaulted, attacked, and suffering physical injury if exposed to other inmates.

30.     At all relevant times, Salas was under a duty to maintain the Cook County Jail in a safe condition for the plaintiff, other inmates and employees.

31.     Notwithstanding said duty, Salas' conduct was willful and wanton in one or more of the following ways:

    (a)     Willfully and wantonly violated the requirements for protective custody in such a manner as to create a dangerous condition for persons placed in protective custody, including the plaintiff;

    (b)     Willfully and wantonly exposed the plaintiff to a dangerous condition by opening the plaintiff's cell to the general population, thereby exposing the plaintiff to assaults, attacks, and physical and emotional injury;

    (c)     Willfully and wantonly failed to supervise the plaintiff and the plaintiff's cell block so as to protect the plaintiff from assaults, attacks, and other dangerous conditions;

4

(d)     Willfully and wantonly allowed the plaintiff to be assaulted, attacked and suffer physical and emotional injuries by leaving the cell area unattended both before and during the assaults and attacks upon the plaintiff; and

(e)     Was otherwise willful and wanton.

32.     As a proximate result of one or more of the foregoing willful and wanton acts and/or omissions by Salas, the plaintiff suffered temporary and permanent personal injuries, has become disabled, has suffered and will continue to suffer great physical pain and emotional distress, and has been unable to perform his normal activities.

WHEREFORE, the plaintiff, STEVE PODKULSKI, requests that judgment be entered in his favor and against the defendant, OFFICER ROY SALAS, in an amount in excess of the jurisdictional limits of this Court, plus interest and costs of this suit.

## COUNT II

### Willful and Wanton Conduct
### (Baird and Holmes)

33.     The plaintiff re-alleges paragraphs 1 through 32 above, as and for paragraph 33, as though fully set forth herein.

34.     At all relevant times, Baird, Holmes and their subordinates had knowledge of the plaintiff being placed in protective custody and that the plaintiff was susceptible to being attacked, assaulted and physically and emotionally injured by the general inmate population at the Cook County Jail.

35.     At all relevant times, it was the duty of Baird and Holmes to properly supervise their subordinates and to maintain the Cook County Jail in a safe condition for the plaintiff, inmates, and employees.

36.     Notwithstanding said duty, the conduct of Holmes and Baird was willful and wanton in one or more of the following ways:

5

(a)     Willfully and wantonly violated the requirements for protective custody in such a manner as to create a dangerous condition for persons placed in protective custody, including the plaintiff;

(b)     Willfully and wantonly exposed the plaintiff to a dangerous condition by opening the plaintiff's cell to the general population, thereby exposing the plaintiff to assaults, attacks, and physical and emotional injury;

(c)     Willfully and wantonly failed to supervise the plaintiff and the plaintiff's cell block so as to protect the plaintiff from assaults, attacks, and other dangerous conditions;

(d)     Willfully and wantonly allowed the plaintiff to be assaulted, attacked and suffer physical and emotional injuries by leaving the cell area unattended both before and during the assaults and attacks upon the plaintiff; and

(e)     Was otherwise willful and wanton.

37.     As a direct and proximate result of Baird and Holmes' willful and wanton acts and/or omissions, the plaintiff suffered temporary and permanent personal injuries, has become disabled, has suffered and will continue to suffer great physical pain and emotional distress, and has been unable to perform his normal activities.

WHEREFORE, the plaintiff, STEVE PODKULSKI, requests that judgment be entered in his favor and against the defendants, CALLIE BAIRD and MICHAEL HOLMES, jointly and severally, in an amount in excess of the jurisdictional limits of this Court, plus interest and cost of this suit.

## COUNT III

### Violation of 42 U.S.C. §1983
### (Salas)

38.     Plaintiff re-alleges paragraphs 1 through 37 above, as and for paragraph 38, as though fully set forth herein.

39.     This is an action for damages pursuant to 42 U.S.C. §1983.

40.     Defendant Salas, operating under color of state law, has violated the plaintiff's civil rights under the Eighth and Fourteenth Amendments by showing deliberate indifference to

6

the plaintiff's health or safety while the plaintiff was incarcerated under conditions posing substantial risks of serious harm to the plaintiff's health and welfare.

WHEREFORE the plaintiff, STEVE PODKULSKI, requests that this Court find that defendant, ROY SALAS, has acted in violation of the United States Constitution and 42 U.S.C. §1983 and enter judgment in the plaintiff's favor and against the defendant for monetary damages, attorney's fees and costs, as provided for by 42 U.S.C. §1983, and grant such further relief as this Court shall deem just and proper.

## COUNT IV

### Violation of 42 U.S.C. §1983
### (Baird)

41.     Plaintiff re-alleges paragraphs 1 through 40 above, as and for paragraph 41, as though fully set forth herein.

42.     This is an action for damages pursuant to 42 U.S.C. §1983.

43.     Defendant Baird, operating under color of state law, has violated the plaintiff's civil rights under the Eighth and Fourteenth Amendments by showing deliberate indifference to the plaintiff's health or safety while the plaintiff was incarcerated under conditions posing substantial risks of serious harm to the plaintiff's health and welfare.

WHEREFORE the plaintiff, STEVE PODKULSKI, requests that this Court find that defendant, CALLIE BAIRD, has acted in violation of the United States Constitution and 42 U.S.C. §1983 and enter judgment in the plaintiff's favor and against the defendant for monetary damages, attorney's fees and costs, as provided for by 42 U.S.C. §1983, and grant such further relief as this Court shall deem just and proper.

7

## COUNT V

### Violation of 42 U.S.C. §1983
### (Holmes)

44.     Plaintiff re-alleges paragraphs 1 through 43 above, as and for paragraph 44, as though fully set forth herein.

45.     This is an action for damages pursuant to 42 U.S.C. §1983.

46.     Defendant Holmes, operating under color of state law, has violated the plaintiff's civil rights under the Eighth and Fourteenth Amendments by showing deliberate indifference to the plaintiff's health or safety while the plaintiff was incarcerated under conditions posing substantial risks of serious harm to the plaintiff's health and welfare.

WHEREFORE the plaintiff, STEVE PODKULSKI, requests that this Court find that defendant, MICHAEL HOLMES, has acted in violation of the United States Constitution and 42 U.S.C. §1983 and enters judgment in the plaintiff's favor and against the defendant, MICHAEL HOLMES, for monetary damages, attorney's fees and costs, as provided for by 42 U.S.C. §1983, and grant such further relief as this Court shall deem just and proper.

Respectfully submitted,

LORD, BISSELL & BROOK LLP

By: _____
J. Scott Humphrey

J. Scott Humphrey
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, Illinois 60603
Phone: (312)-443-0700
Fax:    (312) 443-0336 (fax)
Firm I.D. #6239169

CHI1 1032198v1

8